854 F.2d 37
 10 Employee Benefits Ca 1242
 SPRING BRANCH MINING COMPANY, INC., a corporation; Laramie
Mining Company, Inc., a corporation, Korchler Coal Company,
a corporation; Rich Creek Mining Company, Inc., a
corporation, Plaintiffs-Appellants,
v.
UNITED MINE WORKERS OF AMERICA 1950 PENSION TRUST AND 1950
PENSION PLAN; Joseph P. Connors; Donald E. Pierce, Jr.;
William Miller; William P. Jordan; Paul R. Dean, in their
capacities as Trustees of the UMWA 1950 Pension Trust and
1950 Pension Plan, Defendants-Appellees,
Pension Benefit Guaranty Corp., Amicus-Curiae.
 No. 87-2674.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 5, 1988.
Decided Aug. 9, 1988.
 
 James R. Snyder (Michael D. Foster, Jackson & Kelly, Charleston, W.Va., on brief), for plaintiffs-appellants.
 Peter H. Gould, Asst. Gen. Counsel (Melinda Tell Lazare, Pension Ben. Guar. Corp., Washington, D.C., on brief), for amicus curiae Pension Ben. Guar. Corp.
 Terrence M. Deneen (William F. Hanrahan, Groom & Nordberg, Chartered, Israel Goldowitz, Deputy Gen. Counsel, Thomas S. Gigot, Asst. Gen. Counsel, United Mine Workers of America Health and Retirement Funds Office of Gen. Counsel, Washington, D.C., on brief), for defendants-appellees.
 Before PHILLIPS, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal presents the issues of whether the appellant coal companies (Companies) are "employers" within the meaning of the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. Sec. 1381, et seq. (amending ERISA, 29 U.S.C. Sec. 1001, et seq.), and therefore subject to the assessment of withdrawal liability for their proportionate share of unfunded vested employee benefits respecting the United Mine Workers of America (UMWA) 1950 Pension Plan (1950 Plan), and if so, whether the relevant provisions are constitutional as so interpreted. The 1950 Plan's trustees assessed such liability against the Companies upon their cessation of operations and concomitant withdrawal from their status as contributors to the 1950 Plan in 1982. The Companies argue that they are not "employers" subject to the withdrawal liability provisions, and, if so, that those provisions as applied to them violate the substantive due process and takings components of the fifth amendment.
 
 
 2
 The United States District Court for the Southern District of West Virginia, Judge Copenhaver, held that the Companies were "employers" as contemplated by the MPPAA, upheld the constitutionality of the MPPAA as applied to the Companies, and entered summary judgment for the appellees, the 1950 Plan and its Trustees. We affirm.
 
 
 3
 * The appellants were engaged in the business of contract coal mining through Chafin Coal Company (Chafin) at various times from May 1976 through November 5, 1982, at which time Chafin terminated its agreements with the Companies resulting in the total cessation of the Companies' mining operations. Because the Companies were signatories to various National Bituminous Coal Wage Agreements with the UMWA that obligated them to contribute to both the 1974 and 1950 UMWA Pension Plans, the cessation of their coal mining operations resulted in assessments of withdrawal liability respecting both plans against the Companies by the plans' trustees. See 29 U.S.C. Sec. 1383(a). Only the $1,250,142.63 assessment respecting the 1950 Plan was contested before the district court.
 
 
 4
 The Companies first challenged this assessment before an arbitrator, on the statutory ground that they were not "employers" as to the 1950 Plan as contemplated by the MPPAA because they had no employees who were participants in the 1950 Plan. By the terms of the National Bituminous Coal Wage Agreement of 1974, the 1950 Plan provides pension benefits only for retired miners and their spouses if the miner retired prior to January 1, 1976. The Companies, having commenced operations in May 1976, necessarily had no employee beneficiaries of the 1950 Plan. The arbitrator nevertheless found that the Companies were "employers" within the meaning of the MPPAA and the district court affirmed this finding. The district court reasoned that, in light of a relevant definition of "employer" found in Title I of ERISA, 29 U.S.C. Sec. 1001 et seq., which includes any person acting "indirectly in the interest of an employer, in relation to an employee benefit plan," 29 U.S.C. Sec. 1002(5), and in further light of the MPPAA's overall policy of assessing withdrawal liability proportionate to past contributions to a Plan without regard to a direct employer-employee relationship, see 29 U.S.C. Sec. 1391, the Companies were properly considered "employers" under the MPPAA. See Spring Branch Mining Co., et al. v. UMWA 1950 Pension Trust and 1950 Pension Plan, et al., 691 F.Supp. 973, 976-78 (S.D.W.Va. 1987).
 
 
 5
 The Companies' back-up fifth amendment due process and takings challenges to their withdrawal liability relied heavily in the district court on the lack of an employment connection between them and the 1950 Plan's beneficiaries. This lack, they argued, made the MPPAA as applied to them unconstitutional under the due process and takings clauses of the fifth amendment although facial challenges on these grounds have previously been rejected by both the Supreme Court and this court. See Connolly v. Pension Benefit Guaranty Corp., 475 U.S. 211, 106 S.Ct. 1018, 89 L.Ed.2d 166 (1986); Pension Benefit Guaranty Corp. v. R.A. Gray & Co., 467 U.S. 717, 104 S.Ct. 2709, 81 L.Ed.2d 601 (1984); Republic Industries, Inc. v. Teamsters Joint Council No. 83 of Virginia Pension Fund, 718 F.2d 628 (4th Cir.1983).
 
 
 6
 The district court first rejected the Companies' taking clause challenge. In particular, the district court noted the Supreme Court's recent pronouncement in Connolly, 475 U.S. at 223, 106 S.Ct. at 1025, that "it cannot be said that the Taking Clause is violated whenever legislation requires one person to use his or her assets for the benefit of another." Applying the takings analysis approved in Connolly, see id. at 225, 106 S.Ct. at 1026, to the facts of the present case, the district court held that the MPPAA did not result in a physical invasion of or permanent appropriation of the Companies' assets for the government's use but "[i]nstead, the MPPAA 'adjusts the benefits and burdens of economic life to promote the common good.' " At 691 F. Supp. at 979 (quotingConnolly, 475 U.S. at 225, 106 S.Ct. at 1026). The district court further held that the $1,250,142.63 assessed against the Companies as withdrawal liability respecting the 1950 Plan was not out of proportion to the Companies' past contractual and contribution experience with the 1950 Plan. Finally, the district court held that the Companies had not shown that the MPPAA unconstitutionally interfered with their reasonable investment-backed expectations given the heavily regulated nature of pension plans under ERISA since 1974, two years prior to the Companies' entry into the coal-mining business and assumption of contractual and contributor relationships with the various UMWA pension plans.
 
 
 7
 With regard to the Companies' substantive due process challenge to the MPPAA withdrawal liability provisions as applied, the district court held:
 
 
 8
 In view of the unique nature of the 1950 Plan and its history of financial instability, together with the undertaking of the plaintiffs under the collective bargaining agreements to contribute to the 1950 Plan at a time when ERISA was in effect and MPPAA under consideration, it cannot be said that the withdrawal liability provisions are irrational as applied to the plaintiffs.
 
 
 9
 At 986-87 (citations omitted).
 
 
 10
 On appeal, the Companies challenge both the district court's holding that they are "employers" under the MPPAA and the court's rejection of their constitutional challenges to the withdrawal liability provisions as applied. Having conducted a de novo review of the statutory and constitutional issues raised in the district court and again before this court on appeal, we affirm the judgment below on the well-reasoned opinion of the district court. Spring Branch Mining Co. v. United Mine Workers of America 1950 Pension Trust, 691 F.Supp. 973 (S.D.W.Va. 1987).
 
 
 11
 AFFIRMED.